NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REGINALD THOMAS BUNN, JR., | No. 17-16232 |
| Petitioner-Appellant. | D.C. No. 2:11-cv-01373 MCE-DB |
| v. | MEMORANDUM[*] |
| RAUL LOPEZ, Warden, | |
| Respondent-Appellee, | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 16, 2018[**]
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL, District Judge.[***]

Reginald Thomas Bunn was convicted of first-degree murder in California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

1

state court. Bunn, who was 17 years old at the time of the crime, was sentenced to life without the possibility of parole ("LWOP") for the murder and to a consecutive 25-year sentence for the use of a firearm in the offense. After Bunn's conviction and sentence were affirmed on direct appeal and three state habeas petitions were denied, Bunn filed a 28 U.S.C. § 2254 habeas petition. The district court denied the petition but issued a certificate of appealability on two of Bunn's claims. This appeal followed. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

1.    Bunn was tried with three co-defendants before three separate juries. The joint trials and the trial judge's creation of a "buffer zone" between the juries and the gallery limited public seating, and Bunn could have only two supporters present during each day of the trial. Bunn argues the California Superior Court unreasonably applied *Waller v. Georgia*, 467 U.S. 39 (1984), in the state habeas proceedings,[1] in rejecting his claim that the seating limitations violated his Sixth Amendment right to a public trial.

The trial court, however, did not bar the public from any part of the proceedings or compel Bunn to proceed to trial in the absence of family or friends. To be sure, space limitations — a reality in every courtroom, exacerbated in this case by the joint trial and the court-ordered "buffer zones" — meant that not all of Bunn's

---

[1]    Both petitioner and respondent agree that the decision of the California Superior Court on petitioner's claim of a denial of the right to a public trial is the operative decision for purposes of AEDPA review of this claim.

supporters could attend all of the trial. But, this did not transform the trial into a closed proceeding.

> Under the Anti-Terrorism and Effective Death Penalty Act of 1996,
>
> [a] federal court may grant a state prisoner's habeas petition with respect to a claim that was "adjudicated on the merits in State court proceedings" only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014) (quoting 28 U.S.C. § 2254(d)). As we recognized in *United States v. Sherlock*, "*Waller* addressed *total* closure of a suppression hearing and does not necessarily govern partial closures." 962 F.2d 1349, 1356 (9th Cir. 1989). The state court's denial of Bunn's Sixth Amendment claim was therefore neither contrary to nor an unreasonable application of clearly established federal law, as determined by the Supreme Court.

2. The Eighth Amendment proscribes sentencing juveniles to LWOP. *Miller v. Alabama*, 567 U.S. 460, 489 (2012). But, after Bunn was sentenced,

> [a] person who was convicted of a controlling offense that was committed before the person had attained 18 years of age and for which the sentence is life without the possibility of parole shall be eligible for release on parole by the board during his or her 25th year of incarceration at a youth offender parole hearing, unless previously released or entitled to an earlier parole consideration hearing pursuant to other statutory provisions.

Cal. Penal Code § 3051(b)(4). The Supreme Court has recognized that a state may

3

remedy a *Miller* violation with legislation permitting a juvenile offender to be considered for parole. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016) (citing Wyo. Stat. Ann. § 6-10-301(c) (2013), which makes all juvenile homicide offenders eligible for parole after 25 years).

The California Supreme Court has recognized that § 3051(b)(4) effectively moots a *Miller* claim by converting a juvenile's LWOP sentence into one for life with the possibility of parole after 25 years. *People v. Franklin*, 370 P.3d 1053, 1060 (Cal. 2016). We agree; the district court therefore correctly denied Bunn's petition for habeas relief.

**AFFIRMED**.